THE PEOPLE *ex rel.* Chicago, Pekin & Southwestern R. R. Co.

*v.*

THE TOWN OF CLAYTON.

1. MUNICIPAL SUBSCRIPTION—*condition in vote, how construed.* The language in a condition upon which a subscription to a railway company is voted by the legal voters of a township, is to be construed according to its ordinary and popular meaning,—in other words, as it would be understood by the voters.

2. SAME—*condition construed.* Where a township voted a subscription to a railway company, with a condition it was not to be paid until the company

should run their first locomotive "over their projected line of road, and from Pekin, Ill., or from Morris, Ill., through Clayton township," it was *held*, that the condition contemplated a substantial completion of the road for the movement of trains from either Pekin or Morris to and through the township, and that it was not intended that any of the subscription should be used in constructing any part of the road through such township, or between it and Pekin or Morris.

3.  In such case the running of the company's trains over the road of another company for the distance of five or six miles, under a lease from such other company, liable to be terminated by either party thereto upon one year's notice, and by that means connecting the township with Pekin, is not a substantial compliance with the condition of the subscription. A purchase of such other road, or procuring a perpetual lease of such part of it, and adopting it as a permanent part of the projected road, no doubt would have been a substantial compliance with the condition.

This was an application in this court by the Chicago, Pekin and Southwestern Railroad Company, for a *mandamus* against the town of Clayton, in Woodford county, to compel the supervisor and town clerk thereof to issue to the relator $20,-000 of the bonds of said town.

The respondents filed pleas presenting issues of fact as to the completing of the relator's road according to the condition upon which the subscription was voted, and the issues were certified to the Peoria circuit court to be submitted to a jury. The jury found for the respondents.

Messrs. BRIGGS & MEEK, and Messrs. KRETZINGER & PRETTYMAN, for the relator.

Messrs. BANGS & SHAW, and Mr. M. L. NEWELL, for the respondents.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The undertaking of the town, sought to be enforced in this proceeding, is subject to the following condition expressed in the petition praying for the election, and the published notices thereof:

"It is expressly agreed and understood that said subscription of stock is to be paid over to the said Chicago and Plainfield Railroad Company upon the completion of their projected railroad through Clayton township, and at the time said company shall run over said track or road their first locomotive or railroad engine—said subscription not to be paid before such stated time. The said company must run their locomotive over their projected line of road, and from Pekin, Ill., or from Morris, Ill., through Clayton township."

This language must be construed according to its ordinary and popular meaning. It is the language of the voters of the town expressing the terms upon which they agree to bind the town to the payment of the subscription; and as it is reasonable to suppose it would be understood by them, so we must construe it. It seems to us very clear that the voters would understand the payment was not to be made until the company should run its engines over its projected line of road, either from Pekin or Morris through Clayton township. The latter sentences are evidently added as explanatory of the meaning intended by the former, and were understood as defining with more certainty the conditions upon which payment was to be made, and not as imposing a condition subsequent.

The running of the engine over the line, in popular apprehension, is evidence of the substantial completion of the road for the movement of trains, and we have no doubt the design was, the subscription should not be paid until the projected line of road was in this condition from Pekin or Morris through Clayton township.

The cases cited by relator, on this point, we do not think applicable.

It is quite clear it was not intended this subscription should be used in constructing the road through Clayton township, or between that township and Pekin or Morris, but only that the company should have the benefit of it after that construction should be completed.

It is not claimed by the petition of the relator that the pro-

jected road was ever constructed from Morris, and the evidence given on the trial of the issue of fact in the Peoria circuit court, shows that a portion of the road between Pekin and Clayton township has not been constructed. The portion unfinished is some five or six miles long between the towns of Eureka and Washington. At this place the projected line of relator's road runs near the track of the Toledo, Peoria and Warsaw Railway Company, and the relator, by connecting, at each end of its unfinished line, with that track, has been enabled to run its locomotives and cars from Pekin through Clayton township.

We do not doubt that had the relator become the absolute owner of this much of the track of the Toledo, Peoria and Warsaw Railway Company, or even the perpetual lessee of it, and adopted it as a permanent part of the road, it would, so far as this question is concerned, have been a substantial compliance with the condition. But this has not been done. The relator has only a contract with the Toledo, Peoria and Warsaw Railway Company, allowing the use of this portion of the track, which may be terminated by either party on twelve months' notice, or forfeited by the relator for non-payment of the stipulated rent.

This, in our opinion, is not a compliance with the condition. This portion of the track of the Toledo, Peoria and Warsaw Railway Company is, in no sense, a part of the relator's line of road as projected when the vote was taken. The arrangement to use it being merely temporary, and dependent on the will of a corporation more or less antagonistic to the relator in its interests, it is obvious that, at any time, there is danger that the chief beneficial results anticipated from the road from Pekin through the town of Clayton may be lost to the town, and thus the object of voting the subscription defeated. It is, however, enough to say, this is not a compliance with the condition, and the town is entitled to rely on the letter of its contract.

We see no error in the refusal of the circuit court to set aside the finding of the jury in favor of the town. The *mandamus* is refused.

*Mandamus refused.*